# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **United States of America** | ) |
| | ) |
| v. | ) No. 02 CR 416 - 3 |
| | ) |
| **Angel Figueroa** | ) Wayne R. Andersen |
| | ) District Judge |

## MEMORANDUM, OPINION & ORDER

This case is before the Court on the following post-trial motions filed by Defendant Angel Figueroa: motion for a new trial; amended motion for a new trial; motion for judgment of acquittal; and supplement to previously filed post-trial motions. For the following reasons, the motions are denied.

## BACKGROUND

On March 23, 2004, defendant was convicted at trial of conspiracy to possess with intent to distribute heroin. The Court ordered that post-trial motions be filed on or before April 27, 2004. On April 27, 2004, defendant filed his motion for a new trial. On July 29, 2004, defendant filed his amended motion for a new trial and his motion for judgment of acquittal. On February 22, 2005, defendant filed a supplement to his post-trial motions, alleging his entitlement to a new trial based upon: (1) the Court's refusal to grant a continuance, (2) the Court's denial of defendant's request for a hearing on his motion to suppress, (3) the Court's instructions regarding the government informant, (4) the Court's failure to grant a mistrial based upon improper argument by the prosecution, and (5) other unspecified errors. Of these arguments, only arguments (3) and (4) had not been raised by defendant in his initial post-trial motions.

## DISCUSSION

I. <u>Motions For A New Trial and Motion Judgment of Acquittal</u>

In his motions for a new trial, defendant argues that he is entitled to a new trial for numerous reasons. As we have stated earlier on the record, the Court finds that the verdict is not against the weight of the evidence and that there was ample evidence to support the jury's decision. Moreover, the trial proceedings were fair to the defendant.

For these reasons, we deny defendant's motion for a new trial, his amended motion for a new trial, and his motion for judgment of acquittal.

II. <u>Supplemental Post-Trial Motions</u>

First, it is questionable whether we have jurisdiction to decide the February 22, 2005 supplemental post-trial motions. *See United States v. Hocking,* 841 F .2d 735, 736 (7" Cir. 1988) (holding that a district court lacks the authority to dispose of untimely filed post-trial motions). Federal Rule of Criminal Procedure 29(c) provides that a motion for acquittal "may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period." Rule 33, governing motions for new trial, employs the same seven-day rule, except for motions based on newly-discovered evidence, which does not apply to this defendant's motion. Rule 45(b) provides in turn that the Court "may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them." This Court, therefore, lacks the adjudicatory power to dispose of an untimely motion under Rules 29, 33, 34, and 35. *Id; see also United States v. Brown,* 742 F.2d 363, 368 (7th Cir.1984) (Rule 33). Defendant's supplemental post-trial motions are, therefore, denied as untimely.

Second, even if this Court does have jurisdiction to dispose of defendant's supplemental post-trial motions, the motions are denied on the merits.

### A. The Court's Refusal To Grant A Continuance.

We properly refused to continue the trial date when, shortly before trial, the government executed a search warrant on one of defendant's phones. As the government pointed out in open court the week before trial, the evidence obtained from the search warrant was hardly surprising to the defense: the government searched one of six cell phones previously seized from defendant and found that one of the ten most recent outgoing calls placed from that phone had been placed to the phone of government cooperator Noberto Rodriguez. Because the government had recorded that phone call when it happened and because the defense was aware of that recording, further evidence of that phone call was not surprising and did not warrant any additional preparation by the defense. When defendant asked for additional time to subpoena further information about the phones, the Court pointed out that defendant knew about the seized phones and could have subpoenaed the information. Tr. 8,111-5.

For these reasons, defendant's supplemental post-trial motion on this issue is denied.

### B. The Court's Denial Of Defendant's Request For A Hearing On His Motion To Suppress.

We denied defendant's motion to suppress without holding an evidentiary hearing. Evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief. *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004). Evidentiary hearings are warranted only when the allegations and moving papers are sufficiently definite, specific, non-conjectural and

3

detailed enough to conclude that a substantial claims are presented and that there are disputed issues of material fact which will affect the out come of the motion. *Id.* at 324. Furthermore, a district court is obligated to hold a hearing only if the difference in facts is material-- that is only if the disputed facts make a difference in the outcome.

Here, there were no disputed issues of material fact. Defendant argues that there was a dispute about whether he gave consent for the vehicle search. However, this is not a material dispute because, as this Court ruled, defendant did not have a right to privacy in the car and his consent was therefore not required. Tr. 312,11. 9-16. As there was no disputed issue of fact, we properly decided the motion on the papers and after hearing oral argument.

### C. The Court's Instructions Regarding The Government Informant.

Defendant claims that the Court erred because it did not instruct the jury that a government informant cannot be considered a participant in a conspiracy. Even if defendant had raised this issue at trial, the Court's denial of the instruction would still be proper because the instruction did not apply. The government informant, Noberto Rodriguez, conspired with defendant to pick up 4 kilograms of heroin in California and deliver the heroin to defendant in Chicago. Rodriguez did not become a government informant until after he had brought the heroin back to the Chicago area from California. At trial, the government introduced a variety of evidence showing the existence of the conspiracy and defendant's participation in the conspiracy prior to Rodriguez's becoming a government informant. For instance, the government showed evidence of defendant's recruitment of Rodriguez to pick up the drugs, telephone calls between defendant and Rodriguez, Rodriguez's visit to California, and defendant and Rodriguez's interaction with the seller of the heroin. The government introduced evidence of defendant's

4

continued participation in, and furtherance of, the multi-defendant conspiracy (defendant and Guillermo Alvarez were still involved) after Rodriguez had become a government informant. Such evidence did not require an instruction about Rodriquez's status as a conspirator or non-conspirator. To the contrary, the instruction would have been inappropriate and likely would have confused the jury. Therefore, defendant's supplemental post-trial motion on this issue is denied.

> D. The Court's Failure To Grant A Mistrial Based Upon Improper Argument By The Prosecution.

Defendant argues that the prosecution engaged in improper burden-shifting in closing argument by improperly suggesting that defendant could have called Inspector Ray Zak to testify about defendant's confession. The government did no such thing. In the government's initial closing argument, the government did not mention the issue of Inspector Zak testifying or not testifying. The government merely named Inspector Zak as one of several law enforcement officials who were present for defendant's confession.

Defendant concedes in his motion that defendant, in his closing, asked the jury to imagine what Inspector Zak would have said if called to testify, and said that the witness was within the control of the government. In response to these remarks, the government, in rebuttal, properly pointed out that the defense had "as much of an opportunity to call Inspector Zak as we did." Tr. 1088, ll. 14-24. Nothing about this statement is improper. *See United States v. Aldaco*, 201 F.3d 979, 988 (7'" Cir. 2000) (government permitted to note in rebuttal that both parties may compel any witness to testify); *United States v. Miller*, 276 F.3d 370, 374 (7th Cir. 2001); *United States v. King*, 150 F.3d 644, 649 (7th Cir 1998). Therefore, defendant's supplemental post-trial motion

5

on this issue is denied.

## CONCLUSION

For the foregoing reasons, the following post-trial motions of defendant Angel Figueroa are denied: motion for a new trial (# 125); amended motion for a new trial (#135); motion for judgment of acquittal (#136); and supplement to previously filed post-trial motions (# 157).

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: June 1, 2005